## Bottoms & Sons Co. *v.* Bonsor, Appellant.

*Contracts—Building contracts—Performance to satisfaction of owner—Failure to perform.*

In an action on a note given in payment for the amount due for the reconstruction of two houses, the defense was that the work had not been done in accordance with the contract and that the

consideration therefor had failed. In such case it was not error for the court to charge that if the defendant's dissatisfaction of the plaintiffs' work was in good faith and was genuine as distinguished from mere capriciousness or dishonesty the verdict should be for the defendant; but if, on the other hand, the objection was not in good faith or sincere, but was merely capricious and not found in truth the verdict should be for the plaintiffs.

*Contracts—Optional remedies—Bonds to secure contract—Admissibility—Evidence.*

The fact that a bond had been given to secure the performance of a building contract is not admissible in evidence in a suit on a note given in payment for services rendered under the contract. It was not a matter affecting the defendant's right, to introduce the defense disclosed by the evidence, whether there was some other remedy to which he might have resorted and which he had not used. The defendant was entirely within his rights in presenting a defense of a total or partial failure of the consideration for the note, and that right was not affected by the fact that he also took the precaution to secure himself by a bond against the default, with which he charged the plaintiffs.

Argued October 22, 1919. Appeal, No. 111, Oct. T., 1919, by plaintiffs, from judgment of C. P. No. 4, Phila. County, December T., 1913, No. 4163, on verdict for plaintiff in the case of Abel Bottoms, George W. Bottoms and James MacMackin, copartners, trading as Abel Bottoms & Sons Co. v. Charles F. Bonsor. Before OR-LADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and KELLER, JJ. Reversed.

Assumpsit on promissory note. Before CARR, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $976.80, and judgment thereon. Defendant appealed.

*Errors assigned,* among others, were the charge of the court, refusal of defendant's motion for judgment non obstante veredicto and in permitting the defendant on cross-examination to be questioned as to the bond provided in the building contract.

*Henry J. Scott,* for appellant.

*William A. Gray,* for appellee.

OPINION BY HENDERSON, J., February 28, 1920:

The plaintiffs' action was brought to recover the amount of a promissory note given to them by the defendant to secure the payment of the balance due on a contract for the reconstruction of two houses belonging to the defendant. Payments were made from time to time on the contract and notes were given by the defendant on different occasions for unpaid balances. A prima facie case was made out for the plaintiff when the note was offered in evidence, no denial having been that it was the obligation of the defendant. The defense presented was that the plaintiffs had contracted to perform the work assumed by them "in a good and workmanlike manner, and according to the said drawings, plans and specifications and the terms of this contract to the satisfaction of the party of the first part and the Title Insurance Company aforesaid," and that the defendant was dissatisfied with the manner in which the plaintiffs' work had been performed, particularly with reference to deficiency in the capacity of the heating apparatus; the neglect to remove rubbish from the premises; the construction of the floor of a back porch in such a manner that water flowed toward the house instead of away from it at times when it rained; that plaster fell from the wall at one place where the wall had been newly plastered; that the cellar in a new part of the structure had been left with a floor a foot and a half or two feet higher than the floor of the cellar in the older buildings; that an outside cellar door was defectively made; that a burglar alarm switch and two kitchen ranges were taken away together with laundry tubs in the old laundry, and that there was delay in completing the work. Numerous witnesses were called in support of the defendant's contention and much rebutting evidence was

offered.. The learned trial judge charged that if the defendant's dissatisfaction with the plaintiffs' work was in good faith and was genuine as distinguished from mere capriciousness or dishonesty, the verdict should be for the defendant, but if on the other hand the objection was not in good faith or sincere and was merely capricious and not founded in truth, the verdict should be for the plaintiffs, and the answers to the first, second, third, sixth and seventh points were in conformity with this general instruction. Complaint is now made that the court erred in qualifying the answers to the third and seventh points presented by the defendant and in refusing to give binding instructions for him or to enter a judgment non obstante veredicto. There was not error in the respects suggested in the first four assignments. According to the view of the law entertained by the court, under the pleadings, the burden was on the defendant to show an honest dissatisfaction with the plaintiffs' work based on their failure to perform the contract according to its terms, and there was contradictory evidence bearing on that subject as well as on the conduct of the defendant in paying and securing the defendant's claim after he had taken possession of the premises at the completion of the plaintiffs' work. In determining the good faith of the defendant, it was the duty of the jury to consider not his testimony alone, but all of the testimony bearing on the subject. The defendant at least had no ground of complaint as to the charge of the court.

The evidence embraced in the sixth assignment was properly admitted. The plaintiffs' reply to the defense presented was in part that the defendant was satisfied with the work, and that there was a settlement between them. The giving of a release of liens by the plaintiffs at the time stated had some bearing on this contention.

We think, however, there is merit in the fifth assignment. The contract between the parties required the plaintiffs to give the defendant security in the form of a

bond for $5,000 for faithful compliance with their under-taking. The plaintiff was permitted on cross-examination of the defendant to show that the bond was given and that he, the defendant, had never brought a suit on it. It was not a matter affecting the defendant's right to introduce the defense disclosed by the evidence whether there was some other remedy to which he might have resorted and which he had not used. The impression may have been left on the minds of the jury that the parties had provided a method of compensation for any defects in the execution of the plaintiffs' work, and that the defendant should have taken advantage of that remedy rather than to have defended against the note; or they may have concluded that it was not important that redress be afforded in the pending action because a method still remained available to the defendant to compel the plaintiffs to render satisfaction for their default. It introduced a misleading and probably prejudicial consideration to the attention of the jury. There can be no doubt of the right of the defendant to present the defense of a total or partial failure in the consideration for the note, and that right is not affected by the fact he took the precaution to secure himself by a bond against the default with which he charges the plaintiffs. For this reason the judgment is reversed with a venire facias de novo.